[Department One. — May 30, 1883.]
WILLIAM   McINTYRE,   Appellant,   v.   CHARLES   63  429
TRAUTNER,   Respondent.                                      78  449

Mechanic's Lien — Notice — Time of Filing — Nonsuit. —The court below
granted a nonsuit on the ground that the notice was not filed in time, and
because of a variance between the pleadings and proof. *Held,* on a review of
the facts as alleged and proved, that the nonsuit was improperly granted.

Id. — Sufficiency of Notice. — Certain objections to the sufficiency of the notice
examined and overruled.

Appeal from an order of the Superior Court of the city and
county of San Francisco refusing a new trial.

*Wm. H. H. Hart*, for Appellant.

*Oscar T. Shuck*, for Respondent.

Per Curiam. — The appeal is from an order of the Superior
Court denying plaintiff's motion for a new trial. The action
was brought to enforce an alleged lien for work done by plaint-
iff as a plumber, and materials by him furnished and used in a
building of defendant. At the conclusion of plaintiff's evi-
dence defendant moved for nonsuit, or that the action be dis-
missed, upon the grounds following: "That said lien had not
been filed in the time required by law, and that plaintiff's
proof directly controverted his allegations in his complaint and
in his notice of lien in this: that said complaint and notice of
lien set forth and allege that plaintiff was a sub-contractor for
the work for which he demands payment in this action, whereas
his evidence given on this trial clearly states that he was the
sole and original contractor; that as the plaintiff seeks to fore-
close a sub-contractor's lien, and as his testimony shows he was
an original contractor, there is a fatal variance between the
pleadings and his proof." The court below granted defendant's
motion, to which ruling plaintiff, appellant here, duly excepted.

1. As appears by plaintiff's testimony — which must be con-
ceded to be true in determining the propriety of the nonsuit —
defendant, about the middle of February, objected that "the
job was not satisfactory, and that he would not accept," etc. —
that "the pipes leaked," and requested plaintiff "to go and put
them into proper shape." The leaking was stopped and the

*o*

work perfected April 25, 1878. The lien was filed May 24, 1878. Defendant cannot be heard to say that the additional work, done at his request to complete the contract, was not a continuation of the previous work, and done under the same contract. The notice of lien was filed in time.

2. The complaint does not set forth that plaintiff was a subcontractor. On the contrary, it sets forth an original contract between plaintiff and defendant. The oral testimony on the part of the plaintiff tending to prove an original contract accords with the averments of the complaint.

3. Did the notice of lien filed by plaintiff fail to state any of the material matters required by the Code to be stated in a notice of lien filed by one claiming as an original contractor?

Section 1187 of the Code of Civil Procedure provides:—

"Every original contractor, within sixty days after the completion of his contract, and every person, saving the original contractor, claiming the benefit of this chapter, must within thirty days after the completion of any building, improvement, or structure, or after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record with the county recorder of the county in which such property, or some part thereof, is situated, a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the terms, time given, and conditions of his contract, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of himself, or of some other person."

The notice of claim filed by plaintiff contained a "statement of his demand after deducting all just credits and offsets." Also the "name of the owner." Also the name of the person by whom he was employed "and to whom he furnished the materials, with a statement of the terms," etc., and a description of the property to be charged with the lien.

It contains a statement that defendant agreed to pay the amount to be paid for the work and materials, and that one George Scheibel was the name of the contractor who, "as such

contractor *and as agent for and on behalf of said Trautner* (defendant), entered into a contract with said McIntyre (plaintiff), under and by which" the work was done and materials furnished.

As a matter of strict *pleading,* a contract made by an agent should, perhaps, be alleged to have been made by the principal. But no such recognition of the maxim, "that which is done by another he himself does," is requisite to the validity of a notice under the mechanics' lien law. As *contractor* Scheibel had authority to enter into a sub-contract, by virtue of which the sub-contractor might acquire a lien, and as an *agent* empowered to do so, he was authorized to enter into an original contract for and on behalf of Trautner. Scheibel swore as a witness that defendant requested him to employ plaintiff to do the work for which the latter now claims the lien. Such work and materials constituted no portion of the work and materials to be done and furnished by Scheibel by the terms of his original contract with defendant.

The notice of lien is not vitiated by the words "as a contractor." Those words are surplusage, and do not detract from the effect of the statement that Scheibel, in employing plaintiff, acted as agent for the defendant.

The nonsuit should have been denied.

Order reversed and cause remanded for a new trial.