[No. 1189.  Decided March 1, 1894.]

THE PACIFIC MANUFACTURING COMPANY, *Chris Kuppler*,
*Receiver*, *Respondent*, v. E. BROWN *et al.*, *Defendants*,
HENRY B. HICKEY AND EUGENE H. JEFFERSON, *Appellants*.

L. H. SULLIVAN *et al.*, *Respondents*, v. E. BROWN *et al.*,
*Defendants*, HENRY B. HICKEY AND EUGENE H. JEF-
FERSON, *Appellants*.

MECHANIC'S LIENS — LIMITATIONS — MORTGAGES — LIS PENDENS
— NOTICE — ATTORNEY AND CLIENT.

Where proceedings to enforce a mechanic's lien have been com-
menced within the time limited by § 1670, Gen. Stat., the fact that
judgment is not rendered until after the expiration of such limita-
tion will not defeat the lien.

Where a lien claimant's right to lien accrues subsequent to the
commencement of a mortgage foreclosure suit on the premises, and
such lien claimant has actual knowledge of such suit, and does not
seek, by intervening or otherwise, to protect his rights, he is bound
by the judgment in such foreclosure suit.

In a proceeding to enforce a lien against premises which have
been sold under decree in a suit for foreclosure of a mortgage, to
which the lien claimant was not made a party nor had knowledge
thereof through notice of *lis pendens*, the burden of proof is upon
the party claiming under the foreclosure sale to establish by a clear
preponderance of the evidence that the lien claimant had actual
knowledge of the pendency of the foreclosure suit.

The fact that the attorney for the plaintiff in the mortgage fore-
closure suit was the attorney for the claimant in the lien foreclosure
suit, will not charge the lien claimant with notice of the pendency
of the suit to foreclose the mortgage.

Where a material man refuses to furnish materials for a building
under his contract with the contractor, but makes a new contract
with another party for furnishing materials for the completion of
the building, his claim of lien for materials under the old contract
must be filed within ninety days after ceasing to furnish materials
thereunder.

*Appeal from Superior Court, King County.*

*Smith & Littell,* and *James F. McElroy,* for appellants.

*Wiestling & Wiestling,* and *Laban · H. Wheeler,* for respondents.

The opinion of the court was delivered by

Scott, J.—The Pacific Manufacturing Company and the Yesler Wood, Coal & Lumber Company separately instituted proceedings to foreclose liens upon certain lands for materials furnished, which were used in the construction of a building erected thereon. These actions were consolidated and tried with two certain other actions also brought to enforce liens against said property. The lands in controversy were alleged by the Pacific Manufacturing Company and the Yesler Wood, Coal & Lumber Company to have belonged at the time of the filing of their liens to the defendant Eliza Borella, in which lands the defendant Hickey had acquired an interest by reason of a sheriff's deed issued to him pursuant to a sale on a judgment foreclosing a mortgage executed by said Eliza Borella on said lands and premises to him. The intervenor Jefferson claims and has an interest in said lands and premises under and by virtue of a sheriff's deed executed to him upon a certificate of purchase given by reason of a sale pursuant to a judgment foreclosing a mortgage thereon of date September 2, 1879. The proceedings to foreclose said last named mortgage were commenced April 25, 1891, and judgment was entered thereon October 12, 1891. The mortgage was recorded September 4, 1879, and apparently was a prior incumbrance to the lien claims here in controversy. Judgment was rendered in the lower court in July, 1893, establishing the liens of the Pacific Manufacturing Company and the Yesler Wood, Coal & Lumber Company, and an appeal was taken. At the time the suit to

foreclose the mortgage last mentioned was commenced, neither of said lien claimants had filed their notice or claim of lien, and neither of them were made parties to said suit.

It does not appear that appellant Hickey, although named as a party defendant, was served with process in the suits to foreclose said liens.   On November 21, 1891, he appeared and answered in the suit wherein the Yesler Wood, Coal & Lumber Company was interested.   This was after the rendition of the judgments in said mortgage foreclosure suits.   He first appeared and answered in the lien suit brought by the Pacific Manufacturing Company on October 7, 1891, and subsequently filed a supplemental pleading.   Appellant Jefferson intervened in said lien suits, respectively, in January and March, 1893.   The rights of said appellants are somewhat antagonistic to each other, but no point is made thereon in this appeal, and as they are both desirous of defeating said lien claims they have united in one brief, and present the points hereinafter discussed in common.

It is contended by appellants that the lower court erred in refusing to dismiss the actions brought to foreclose said liens because more than two years had elapsed from the time when the materials were furnished.   It is contended that under § 1670, Gen. Stat., suits to enforce such liens must be terminated by obtaining a final judgment within two years from the time of the furnishing of the materials, or the expiration of the credit, if any is given, and unless said liens are established and finally determined within such period of two years that the lien claims lapse and become lost.   It is not contended that said proceedings were not commenced within the time limited by said statute.

We are of the opinion this point is not well taken, and that said statute only relates to the time of the commencement of the action; that is, that the action must be commenced within eight months after the claim has been filed.

Or, if a credit be given, then within eight months from the expiration of such credit; and that the following clause, "but no lien shall continue in force under this chapter for a longer time than two years from the time the work is completed by agreement or credit given," means that such credit cannot be extended for a longer time than two years, and the lien maintained.

It is further contended by the appellants that said lien claimants were barred from waging their actions herein by reason of the judgment rendered in the case of The Oregon & Washington Mortgage Savings Bank, Limited, v. Anthony Borella et al., being the mortgage foreclosure suit heretofore mentioned wherein judgment was rendered on October 12, 1891, although they were not parties thereto. No notice of *lis pendens* was filed in foreclosing this mortgage, but it is contended by appellants that these lien claimants had actual knowledge of the pendency of said suit. It is contended that one Mr. Stone, who was the manager of the Yesler Wood, Coal & Lumber Company, had notice thereof in the spring of 1891, and that the Pacific Manufacturing Company had such knowledge by reason of information furnished to one Hauser, who was the manager of said company; and further, that it must be charged with notice because it appears by the record that its attorney, who drew the lien notice and complaint to foreclose the same, had notice thereof, and was in fact the attorney for the plaintiff in said mortgage foreclosure suit.

The actions to foreclose said lien claims were commenced May 16 and September 24, 1891, respectively, during which time said suit to foreclose the mortgage aforesaid was pending; and it appears that neither of said lien claimants took any steps, by intervening or otherwise, to protect their rights in the premises in the judgment of foreclosure therein sought to be obtained, but remained quiescent, and

allowed the property to be sold at sheriff's sale, and a sheriff's deed to issue to the intervenor Jefferson.

It is contended by the respondents that said lien claims were not barred by the proceedings had in the suit foreclosing said mortgage, for the reason that no notice of *lis pendens* was filed pursuant to the statute, and they deny also that said companies, or either of them, ever had any actual notice of the pendency of said suit; and the Pacific Manufacturing Company contends that it was not bound by the knowledge of its attorney aforesaid.

As to the Yesler Wood, Coal & Lumber Company, we are satisfied from an examination of the testimony of its general manager, Mr. Stone aforesaid, that said company had notice of the pendency of said suit foreclosing the mortgage by reason of knowledge thereof obtained by him in the spring of 1891, and as to the claim of this company appellants' point is well taken.

It does not appear that at the time foreclosure proceedings were instituted on the mortgage that the mortgagee had any notice of the rights or claims of these lien claimants in and to said premises, as at that time neither of said notices of liens had been filed. Nor does it appear that said mortgagee, or appellants, had any knowledge of the furnishing of the materials by either of these claimants, but if they did have, they could not well be held to know that a lien would be claimed against the premises therefor, for that might not follow. The furnishing of materials does not give a lien, but a notice of the same must be filed as provided by statute. Consequently their rights in this particular accrued subsequent to the commencement of said foreclosure suit, and as the Yesler Wood, Coal & Lumber Company had notice of said suit it was bound by the judgment therein rendered. *Sampson v. Ohleyer*, 22 Cal. 200; *Sharp v. Lumley*, 34 Cal. 611; *Lovejoy v. Murray*, 3 Wall. 1; *Robbins v. Chicago*, 4 Wall. 657.

We are constrained to find against appellants as to their contention that the Pacific Manufacturing Company had actual knowledge of the pendency of said foreclosure suit, although it appears by the testimony of one witness that he informed Mr. Hauser, the manager of said company, of the pendency thereof, and that the same was talked over with him, and with others before him upon a number of occasions. This, however, is expressly denied by Mr. Hauser, and it was for appellants to furnish a preponderance of proof on this point. The plaintiff in the suit to foreclose said mortgage might have reduced its rights to a certainty, and set all such questions at rest, by filing a notice of *lis pendens* under the statute. Not having done so, we would not find in appellants' favor on the question of actual knowledge, unless there was a very clear preponderance of proof in their favor. *Riley v. Hoyt*, 29 Hun, 114.

Nor do we think the Pacific Manufacturing Company should be held to have had notice of the pendency of said mortgage foreclosure suit because its attorney, who drew the lien notice and prosecuted its suit to foreclose said lien claim, had knowledge of it, and was the attorney prosecuting said mortgage foreclosure suit, as we cannot say that said attorney obtained his knowledge as attorney for, and in the course of his employment by, the Pacific Manufacturing Company, although the proceedings to foreclose the mortgage and to enforce the lien were both directed against the same property. The law seems to be settled that a party is charged with notice of a fact of which his attorney had knowledge, where such knowledge is obtained in the course of his employment for the party sought to be charged with notice. *Hood v. Fahnestock*, 8 Watts, 489 (34 Am. Dec. 489); *Rogers v. Palmer*, 102 U. S. 263.

This case does not fall clearly within the rule, and as it is a harsh one, it ought not to be extended. Said company

should not be held to have lost its rights in the premises because of its failure to intervene in said mortgage foreclosure suit, or to take such steps as it might have taken to protect its rights in the premises by reason of the fact that the attorney whom it had employed to represent it had knowledge of such foreclosure.

But various other objections are raised by appellants to the sufficiency of the lien claim of the Pacific Manufacturing Company, one of which is that the notice of lien was not filed within ninety days after said company ceased to furnish materials for the building. It appears that the contract under which said materials were furnished was made by said company with one Brown, who was the contractor for the erection of the building. It is contended by appellants that said company delivered materials under this contract with Brown only up to and including March 6, 1891. It appears that the only materials furnished by the company after March 6th were delivered on March 21st and 23d, and it is contended by appellants that these materials were delivered under and by virtue of a new contract entered into between said company and appellant Hickey, who was not a party to the original contract. The lien notice of the Pacific Manufacturing Company was filed June 12, 1891, which was more than ninety days after it ceased to furnish materials under the contract with Brown, as contended by appellants, if the last delivery of materials thereunder was on March 6th, but was within time if the last delivery was on March 23d.

It is contended by appellants that some few days after March 6, 1891, at a meeting of a number of persons interested in said property, the Pacific Manufacturing Company, through its agent, Hauser, refused to deliver any more materials for the building under its contract with Brown, and thereupon that Hickey, who was interested to the extent of several thousand dollars in said building, agreed to

pay for such further materials as would be necessary to complete the building. The respondent company admits a conversation between said parties at said time, and claims that it was asking for security for the materials furnished and to be furnished, and that, in pursuance of the conversation there had, appellant Hickey thereafter executed his note to the company for two hundred dollars, which was subsequently paid. It is contended by said respondent that this payment was not made in pursuance of any new contract entered into at the time for the sale of materials, but was made by Hickey to apply on Brown's contract with them as aforesaid. It appears, however, that a bill was made out by the company against Hickey amounting to $215 for the materials furnished after March 6th, and payment was demanded of him, whereupon he executed his note for two hundred dollars to the company, payable in thirty days, said note reciting that it was given for lumber, sash and doors used on the Borella building after March 20, 1891, and covered the materials included in the bill rendered to Hickey. This much appears from the testimony of said witness Hauser, and said exhibits.

It further appears by the testimony of a witness called by appellants, who was present at said conversation, that the Pacific Manufacturing Company at said time absolutely refused to furnish any more material under its contract with Brown unless its pay therefor was guaranteed, and that it asked for security for the whole amount furnished, and to be furnished. That appellant Hickey refused to guarantee the payment, or pay for materials which had been furnished by said company, but offered to pay for such further materials as were necessary to complete the building, and stated that if said company would not furnish them he would procure the same elsewhere, whereupon said company through its agent Hauser agreed with Hickey to

furnish the necessary doors, etc., for the completion of the building upon his agreement to pay therefor.

We have not given all of the testimony upon this point, but have mentioned the salient points, and we are of the opinion that the clear preponderance of the proof is in favor of the appellants, and that said Pacific Manufacturing Company did cease to furnish materials under its contract with Brown on the 6th day of March, and that the materials it furnished thereafter for use in said building were furnished under its contract with Hickey, and for which it fairly appears Hickey paid, although there is no testimony explaining the discrepancy between the sum paid and the sum for which the bill was rendered to him.

Under this state of facts, the lien claim of the respondent company must fail, for the reason that it did not file its notice within ninety days after it had ceased to furnish material under its contract with Brown.

Reversed.

DUNBAR, C. J., and ANDERS, J., concur.

HOYT and STILES, JJ., concur in the result.