WHEELER v. KUNTSBECK et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2047. Decided June 25, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

953a. PRIORITY — 787. Mortgages — 677. Judgments.
Note and mortgage dated and filed Oct. 23,

1923, given to secure pre-existing debt, constitutes prior lien to judgment in action for tort, which action was commenced on Sept. 28, 1923, and judgment recovered Nov. 18, 1924. Such lien is prior, nothwithstanding mortgagor insolvent at time of execution of note and mortgage, and notwithstanding intent of mortgagor to create preference by execution thereof.

Error to Common Pleas.

Judgment affirmed.

Tracy, Chapman & Welles, Toledo, for Wheeler.

Esther Antin, Toledo, for Kuntsbeck, et.

FULL TEXT.

RICHARDS, J.

This case involves a question of priority between a mortgage held by Andrew Kuntsbeck and a judgment lien secured by C. H. Wheeler, based on a claim for personal injuries. The trial court held that the mortgage had priority and error is prosecuted to reverse that judgment.

The promissory note and mortgage held by Kuntsbeck are for $2500.00 and were executed on October 22, 1923, and filed for record on October 23, 1923. They were not based on any consideration passing simultaneously with or subsequently to their execution, but were based upon a valid consideration existing at and prior to the time of their execution.

On August 11, 1923, Wheeler suffered personal injuries arising by reason of the negligence of Ignaz Lorenz and Frieda Lorenz. For these injuries he brought an action against them on September 28, 1923, and recovered judgment on November 18, 1924, for $4750.00. At the time Ignaz and Frieda Lorenz executed the note and mortgage to Kuntsbeck, they were insolvent and had knowledge that Wheeler had brought an action against them to recover damages for personal injuries.

The cause of action existing in Wheeler was one for tort and he was not an existing creditor at the time of the execution of the note and mortgage to Kuntsbeck. Judgment was not secured by him until long after the execution of the note and mortgage and the placing of the mortgage on record, and as to Kuntsbeck, Wheeler must be treated as a subsequent creditor.

Pfisterer v. T. B. G. & S. Traction Co., 89 Ohio St., 172; Schubeler v. Lilly, 23 Ohio App., 481.

Lorenz and wife had the right, under the law, against such a claim, to secure a pre-existing debt by mortgage, and the execution of such mortgage does not constitute actual fraud.

The Court of Common Pleas was right in holding that the mortgage had priority over the judgment, nothwithstanding the intent of Lorenz and wife to create a preference by the execution thereof, and the judgment will be affirmed.

(Williams and Lloyd, JJ., concur.)