R. C. MAHON CO. v. FORD MOTOR CO.

1. MECHANICS' LIENS—SEPARATE CONTRACTS MAY NOT BE TACKED TO EXTEND STATUTORY TIME FOR FILING.
    Contract with contractor and separate contract with owner may not be tacked together so as to extend statutory time for filing mechanic's lien for labor and material furnished (3 Comp. Laws 1929, § 13105).

2. SAME—BURDEN OF PROOF.
    In suit to enforce mechanic's lien, plaintiffs have burden of proof to establish compliance with statutory requirements, and where burden was not sustained, suit was properly dismissed.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted October 30, 1931. (Docket

No. 225, Calendar No. 35,815.)  Decided December 8, 1931.

Bill by R. C. Mahon Company, a Michigan corporation, against Ford Motor Company, a Delaware corporation, to foreclose a mechanic's lien.  Cross-bills by Detroit Steel Products Company and Fenestra Construction Company, Michigan corporations, against defendant to foreclose mechanics' liens. Cross-bills dismissed.  Cross-plaintiffs appeal.  Affirmed.

*Stevenson, Butzel, Eaman & Long,* for cross-plaintiffs.

*Longley, Bogle & Middleton,* for defendant.

CLARK, J.  Detroit Steel Products Company, a Michigan corporation, and Fenestra Construction Company, a Michigan corporation, subsidiary of and owned by the first-named corporation, have appealed from decree dismissing their bills to enforce mechanics' liens.

Blair contracted with defendant owner to erect for it a steel mill building, and, in connection therewith and part thereof, a soaking pit building.

The statement of lien of the first-named plaintiff, claiming $37,154.80, is for labor and materials furnished for such building in pursuance of a contract with Blair; and the statement of lien of the second-named plaintiff, claiming $16,356.50, is for labor furnished for such building in pursuance of a contract with Blair.

The last of labor and material under the first statement is alleged to have been furnished on September 18, 1926, and the last of labor performed under second statement is alleged to have been performed on September 23, 1926.

To sustain either of these liens as having been filed within the statutory limit of 60 days from date on which the last of materials was furnished or labor performed (3 Comp. Laws 1929, § 13105), the furnishing of materials and performing of labor alleged as of September, 1926, must be found in fact to have been done in pursuance of the contracts with Blair. We cannot so find. The record shows the work done and material furnished at that time were not upon or under Blair's contract with the owner, which had been terminated, but it was a repair job on the building done in pursuance of a contract with the owner itself through its architect and agent, Albert Kahn, Inc.

Plaintiffs' separate contract with Blair, principal contractor, and their separate contract with the owner cannot be thus tacked together so as to enlarge the time of filing a lien for what was done or furnished under either contract. 40 C. J. p. 200; *Noye Manfg. Co.* v. *Thread Flouring-Mills Co.,* 110 Mich. 161.

Plaintiffs have the burden of proof to establish compliance with statutory requirements to give them right of lien. *Roberts* v. *Miller,* 32 Mich. 289. They have not sustained the burden.

No lien is claimed except for work done and material furnished under the contracts with Blair. This is not a case of successive or continual furnishing to a contractor, or to an owner, which in the aggregate might be held to be but one contract, but it is a case of separate contracts.

The liens were not filed in time.

Other questions are passed as unnecessary to decision.

Affirmed. Costs to defendant.

Butzel, C. J., and Wiest, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.