[No. 30316.   Department One.   December 11, 1947.]

CAL J. KIRK, *Respondent*, v. DONALD P. ROHAN *et al.*,
*Appellants.*[1]

*O'Brien & Dorsey,* for appellants.

*Scott, Langhorne & McGavick* and *Gail H. Haddock,* for respondent.

[1]Reported in 187 P. (2d) 607.

SCHWELLENBACH, J.—This is an appeal by appellants, Rohan, (default judgment having been entered against defendant Denzler), from a judgment foreclosing a claim of lien and awarding judgment against appellants in the sum of $1,237.22, together with attorneys' fees and costs, including title search fees, and other incidentals.

Respondent, Kirk, is a builder and contractor, working mostly for insurance companies in the city of Tacoma. He and Mr. Rohan met through mutual friends. Rohan wanted a garage built, and it was agreed that Kirk would do the work on a force account basis—that is, time and material—rather than for a stipulated contract price. Work was commenced August 5, 1945, and continued from time to time whenever Kirk's men were free from other jobs. The actual days worked were August 5, September 25, October 1, 6, 8, 19, 22, 23, 24, 25, 26, 27, November 8, 9, 13, 14, 15, 16, and 19. Mr. Rohan then occupied the garage, and Mr. Kirk picked up his tools and equipment around the place and took away some lumber remaining there.

About the first of February, 1946, there was a particularly heavy rain storm, which caused water to back up from the street and flood the garage. On Sunday, February 3, 1946, Rohan called Mr. Smith (Kirk's foreman), who came the following day, February 4th, with some men and remedied the defect.

The claim of lien was filed May 3, 1946. Appellants contend that the claim was not filed within ninety days from the completion of the work, which they assert was November 19th.

It is respondent's contention that the job was not completed in November, and that it was anticipated that they would have to return at a later date to lay tile under the driveway and connect it with a downspout which extended from the back porch; that this was necessary because the driveway had not then been laid. However, under cross-examination he testified:

"Q. As a matter of fact, you were called back there, weren't you, Mr. Kirk, because of the excessive rains that had taken place in the fore part of February, which had

flooded that garage? A. I should not be at all surprised.
Q. Otherwise you would not have gone back? A. I would
not be surprised."

As to the telephonic conversation with Orville Smith on
February 3rd, appellant Rohan testified:

"A. I complained that the water was flowing into the
garage. We had several inches of water in the garage after
this storm a few days before this. . . . And I suggested
that in order to keep the water out of the garage it might
be a good idea to put a strip of rubber or something, and I
asked for suggestions from him as to what to do. Q. And
what did he say? A. Well, he didn't think much of that
rubber idea, but that he would be back and work on this
drain so that it would carry the water away."

Mr. Smith testified that he was called by appellants on
February 3rd to "finish up the job." He said that the cement
man had made a little depression or ditch across the drive-
way, but that it did not take care of the water. When he
and his men came back February 4th, they attached the
downspout from the roof to about thirty additional feet of
newly laid drain tile. The record does not indicate that any
further troubles were had or that any further complaints
were made.

The first bill was sent to the Rohans on February 8th
(no statement had been sent prior to this time). On April
2nd, Rohan wrote, asking for more details, which were fur-
nished to him. On April 12th, he again wrote, complaining
that the bill was excessive. At no time during these nego-
tiations was there any intimation that the work was com-
pleted November 19th, rather than February 4th. It was
not necessary for the appellants to raise this question, be-
cause the lien claimed was not filed until May 3rd. But at
least it is an indication that both parties felt that the work
done February 4th was to remedy a defect under the orig-
inal contract.

Appellants rely on two cases, *Ellsworth v. Layton,* 37
Wash. 340, 79 Pac. 947, and *Swensson v. Carlton,* 17 Wn.
(2d) 396, 135 P. (2d) 450. In the first case, there was testi-
mony tending to show that the building was turned over

and accepted as completed in October. On January 6th, on demand of the owner, the contractor put metallic flashings over six windows that had been inadvertently omitted, and on February 13th, certain drain tile was relaid. This work was in the nature of repairs to remedy defects in the work which were not apparent at the time of acceptance of the building. In a *per curiam* opinion, we held:

"The court found that the liens filed by the appellants were not filed within the statutory time after the completion and acceptance of the work for which the liens were filed. The work having been completed and accepted during the first days of October, and the lien being filed on the 3rd day of April, the time at which the work on the building involved was completed is the question of fact which determines the appellants' rights in this case. That fact was found against the appellants by the trial court, and, from an examination of the record, we are satisfied that such finding was justified by the testimony in the case, and that the rights of the parties were properly fixed by the judgment of the court."

In the latter case, the plaintiffs had a contract to veneer the house and build two fireplaces. They started work July 3, 1941. They worked July 7, 8, 9, 10, 11, 24, 25, 28, 29, 30, 31, August 1, 4, 5, 7, 8, 11, and on October 11. On the latter day, they came back and cleaned the living room, working two hours. Swensson testified that as soon as they finished their work they left the job; that that was on August 11th. He testified that they did the work on October 16th for the purpose of extending the time for filing the lien. We held:

"The agreement between appellants and Carlton, or the request by Carlton that appellants clean the fireplace, was entirely distinct from, and had nothing to do with, the work to be performed by appellants under the McDonnell contract, and cannot be tacked onto the original contract to extend the time for filing a lien for the labor performed and materials furnished under the original contract. *R. C. Mahon Co. v. Ford Motor Co.*, 256 Mich. 255, 239 N. W. 348. See 40 C. J. 200, § 237; also *Pacific Manufacturing Co. v. Brown*, 8 Wash. 347, 36 Pac. 273. In this connection, we find the following statement in 36 Am. Jur. 97, § 140:

" 'As a general rule, after a contract is completed and closed, the time for filing a statement or claim of lien cannot be extended or the right revived by furnishing material or performing labor, upon a new contract, and tacking the same to the original contract.'

"It will be remembered that Mr. Swensson testified that the McDonnell contract was finished August 11th, and he attempted to get the money due on the contract both from Mr. McDonnell and from Mr. Carlton. According to his testimony, it was not until a few days before October 16th that Mr. Carlton asked him if they would go out and clean the fireplace."

However, in that case we cited *Rieflin v. Grafton*, 63 Wash. 387, 115 Pac. 851; *Osten v. Curtis*, 133 Wash. 360, 233 Pac. 643; *Rose v. O'Reilly*, 138 Wash. 18, 244 Pac. 124; *American Plumbing & Steam Supply Co. v. Alavekiu*, 154 Wash. 436, 282 Pac. 917; *McIntyre v. Trautner*, 63 Cal. 429. We then said:

"The principal distinctions between the above cited cases and the case at bar is that in the cited cases the last work done or materials furnished, which it was held extended the time for filing the lien, was done or furnished to complete the original contract or remedy some defect in the work done or materials furnished under the original contract. We call attention to one of appellants' quotations taken from the case of *McIntyre v. Trautner, supra:*

" 'Defendant cannot be heard to say that the additional work, done at his request *to complete the contract,* was not a continuation of the previous work, and done under the same contract.' (Italics ours.)"

■■ The law is well settled in this state that work done or materials furnished under a new and independent contract, entered into after the original contract is completed, cannot be tacked onto the original contract to extend the time for filing a lien under the original contract, for labor performed and materials furnished. However, if the work is done or materials furnished at the request of the owner to complete the original contract, or to remedy some defect in the work done, then the time for filing the lien would run from the last furnishing of labor and material, provided the work is not done for the purpose of prolonging

the time for filing a lien, or renewing the right to file a lien which had been lost by a lapse of time. In short, if the work done or material furnished at the request of the owner, is in furtherance of the original contract, then the time for filing the lien is extended. We hold, under the evidence, that the work done February 4th was in furtherance of the original contract, and that the filing of the lien on May 3rd was timely.

After the complaint was filed in the instant case, the appellants filed an "Offer to Permit Judgment to be Taken" in the sum of $950; this was refused. In their answer, appellants denied that the fair and reasonable value of the services rendered exceeded the sum of $950. As already stated, judgment was rendered in the sum of $1,237.22, and error is claimed in the awarding of any sum over $950. Three contractors testified as experts on behalf of appellants, and each stated that the fair and reasonable value of the services rendered by respondent did not amount to $950. Each of the experts examined the garage a day or so prior to the trial. It is claimed that the burden of proving the fair and reasonable value of the services was not met by respondent. On the stand, as to the amount of his claim, the respondent was asked:

"Q. Mr. Kirk, do you consider that to be the fair and reasonable value of the services and material you furnished and rendered to Mr. Rohan? A. Yes, sir."

In addition, it must be remembered that this was a force account job, where a proper charge was for time and material, plus ten per cent for supervision. Respondent's time records were in evidence, and their correctness was determined by the trial court. Furthermore, respondent and his foreman were cross-examined vigorously and minutely as to what work was done.

■ ■ The trial court personally saw the witnesses, heard them testify, observed their conduct and demeanor while testifying, and weighed their interest and motives and the probabilities of the truthfulness of their testimony. We are not able to say that the findings of the trial court as

to the fair and reasonable value of the services rendered are clearly not supported by the weight of the evidence; and, therefore, such findings will not be disturbed on appeal. *Bradley v. Donovan-Pattison Realty Co.*, 84 Wash. 654, 147 Pac. 421.

The judgment is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and HILL, JJ., concur.

February 25, 1948. Petition for rehearing denied.