[No. 35084. Department Two. December 10, 1959.]

NELL C. ANDERSON, *as Executrix, Appellant,* v. FRANK V. TAYLOR, JR., *et al., Respondents.*[1]

*Hughes & Jeffers,* for appellant.

*Earl W. Foster,* for respondents.

HILL, J.—The issue presented is whether a claim of lien was timely filed.

A contracted with C, the general contractor, to do the tile work on a residence which C was erecting for T.

C received substantial progress payments from T, including payment for the tile work, but made no payments to A.

A stopped work on August 20, 1956, at which time the

[1]Reported in 347 P. (2d) 536.

reasonable value of the material he had furnished was $626.25, and the reasonable value of the labor was $949.

On September 6, 1956, C met with a number of creditors, subcontractors, materialmen, and with T's architect. C revealed his financial difficulties and his inability to proceed with the construction of the house; he repudiated all of his agreements with the subcontractors, including A, and his contract with T.

T then completed the construction of the house, making arrangements with various subcontractors—some of whom, including A, had been subcontractors under C. A agreed with T to complete the tile work for $720. T definitely refused to accept any obligation for the tile work already done by A under his agreement with C, as T had already paid C for this work on the basis of progress payments.

A resumed the tile work on September 25, 1956, and completed it November 5, 1956. T paid A the agreed $720, together with $122 for excess work and material not included in the price agreed upon by A and T.

A filed a lien December 12, 1956, in the amount of $949 for labor and $626.25 for material. It is agreed that this is for the labor and material furnished under the contract with C, and before A stopped work on August 20, 1956.

A's action to establish and foreclose his lien was dismissed. A appeals.

It is stipulated that no notice was given the owner within ten days after the date of the first delivery of material or supplies, as required by RCW 60.04.020, so there is no contention that the lien can be sustained as to the $626.25 claim for material.

It is stipulated that the net value of A's labor in doing the tile work on T's house prior to August 20, 1956, was $836.38, for which he has not been paid.

It is clear that C was personally liable to A for that amount; and that A had a right to a lien for labor on the residence belonging to T in that amount, if his claim of lien was timely filed.

There is no contention that A was entitled to a personal

judgment against T, but only that he was entitled to a lien on T's residence under the lien statutes.

The sole issue is: Was A's claim of lien timely filed?

 The trial court concluded that it was not, and we agree.

It was filed December 12, 1956, within the ninety days after A completed work on T's residence, November 5, 1956, but not within ninety days after he had completed work on his contract with C, August 20, 1956.

 The following statement from 36 Am. Jur. 97, Mechanics' Liens, § 140, is quoted with approval in *Swensson v. Carlton* (1943), 17 Wn. (2d) 396, 405, 135 P. (2d) 450,

" 'As a general rule, after a contract is completed and closed, the time for filing a statement or claim of lien cannot be extended or the right revived by furnishing material or performing labor, upon a new contract, and tacking the same to the original contract.' "

Where the lien claimant is not a party to either of the contracts in question, as where he is furnishing material or labor to a contractor who has two or more contracts with an owner, or to a subcontractor who has two or more subcontracts in connection with the same project, the rule is not applicable unless the lien claimant was aware of the fact that there were two or more contracts. That was the decisive issue in our own case of *Standard Lbr. Co. v. Fields* (1947), 29 Wn. (2d) 327, 187 P. (2d) 283, 175 A. L. R. 309, where we held that the burden was on the owner claiming that there were two contracts to show that the materialman had actual or constructive notice of the two contracts. We further held that the owner had not sustained that burden.

The A. L. R. annotation which follows that case, beginning at 175 A. L. R. 330, is entitled: "Existence of more than one contract between owner and contractor as affecting notice or filing of mechanic's lien by materialman or subcontractor." At page 335, it is said,

"Thus, it is generally agreed that if the materialman has actual knowledge that the project for which he furnishes material to the contractor is being constructed under two or more distinct contracts between the owner and the

contractor, he must act accordingly in filing his lien claim, and must file his lien claim for materials entering into the performance of the first contract within the statutory time after the completion of that part of the project covered by such contract. . . ."

■ The rule that contracts cannot be tacked together to enlarge the time for filing a claim of lien is applicable here because there is no doubt that A was aware of the fact that there were two contracts: one between C and T, under which he was not paid, and his own contract with T, under which he was paid. A knew that C had definitely repudiated his contract with T and that it was at an end. He knew further that T had assumed no liability for anything that might be due A under his contract with C. A, while claiming his statutory lien on T's property, has never claimed that there was any personal liability on T's part for the labor and material furnished under his contract with C.

Our conclusion that the lien was not timely filed in this case is supported by every decision we have been able to find on comparable facts. Cases involving the timeliness of lien claims where there has been a clear-cut break between work done for a contractor, and work done for the owner after the contractor had either abandoned his contract or completed it, are relatively few, doubtless because in such a situation the existence of separate contracts— and the lien claimant's knowledge thereof—is apparent. Cases with that fact pattern are expressly excluded from the A. L. R. annotation to which we have referred, with this statement,

"To be distinguished from the cases treated in this annotation are those involving questions which arise where the materialman or subcontractor has furnished some materials or services under an arrangement with the contractor and other materials or services under a separate arrangement with the owner." 175 A. L. R. 332.

Cases with the same fact pattern and reaching the same result are: *Kendallville Lbr. Co. v. Adams* (1931), 93 Ind. App. 141, 176 N. E. 555; *R. C. Mahon v. Ford Motor Co.*

(1931), 256 Mich. 255, 239 N. W. 348; *Edinger Co. v. Hildreth Memorial United Evangelical Church of Le Mars* (1925), 199 Iowa 1117, 201 N. W. 569; *The Decatur Bridge Co. v. Standart* (1917), 208 Ill. App. 592; *Pacific Mfg. Co. v. Brown* (1894), 8 Wash. 347, 36 Pac. 273.

Judgment of dismissal of action to establish and foreclose a lien is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.