[No. 28-40453-2.    Division Two.    December 17, 1969.]

KING EQUIPMENT COMPANY, *Respondent,* v. R. N. & L. CORPORATION, *Appellant.*

*Skoog, Mullin, Cooper & Garlington* and *Thomas R. Garlington,* for appellant.

*Conrad, Kane & Vandeberg* and *Elvin J. Vandeberg,* for respondent.

PEARSON, J.—This is an appeal by defendant, R. N. & L. Corporation, from a money judgment awarded to the plaintiff, King Equipment Company, and a decree foreclosing a lien on property of the defendant. The defendants Lower, Manning, Nohle and Seifried are not parties to this appeal and R. N. & L. Corporation will be referred to as defendant.

This action arose out of an equipment lease agreement between the plaintiff and Gordon Manning, which the defendant signed as surety. Manning had been engaged in an earthmoving contract for defendant and was unable to obtain equipment with which to do the work unless the defendant guaranteed payment.

The first lease agreement was executed on March 19, 1964. It described a Caterpillar model D8-36A with ripper and dozer blade. It recited an approximate rental period of 6 months at a monthly rental rate of $2,200. The tractor was valued at $30,000 and the lessee was required to insure it against damage. Defendant's president, Elwood L. Lower, through his insurance agency, provided the required insurance.

The tractor was moved to defendant's property shortly after March 19, 1964 and remained there until July 29, 1964, when it was removed for repairs. A second Caterpillar tractor, model D8-46A, was placed on the jobsite on September 16, 1964. No new rental agreement was signed. Defendant's president procured an endorsement, effective November 12, 1964, insuring this tractor, which remained on the jobsite until March 26, 1965. On this date a third

tractor, also Model D8-46A, was delivered by plaintiff to Manning at the jobsite. Again, no new rental agreement was signed. Defendant's president again procured a policy endorsement covering this tractor. It was returned to plaintiff on June 25, 1965, at which time there was a substantial arrearage of rent. The rental payments which had been made were made by defendant, who had charged them against the earthmoving contract.

In June of 1965 plaintiff's representative met with Manning and agreed to reduce the obligation for accrued rental on the three tractors to $10,000, plus sales tax. The reason for the settlement was that weather conditions had prevented use of the equipment full time. Defendant was not a party to this agreement. Manning made no payment of the settlement amount.

In August of 1965, plaintiff and defendant's officers had a series of meetings in which plaintiff's primary interest was in obtaining payment of past due rentals and defendant's primary interest was to secure additional equipment, so that the earth-moving work could be completed.

As a result of those meetings, defendant signed a second equipment rental agreement, involving a more powerful tractor, Model D-9. This tractor was valued at $35,000. The rental rate was $25 per hour. No rental period was designated. At this time, defendant made a $2,000 payment on the past due rental, and neither made objections to plaintiff concerning the rental on the three tractors, nor any complaint concerning the substitution of the second and third tractors. Under this rental agreement, defendant was required to make the rental payments jointly to Manning and the plaintiff.

The fourth tractor remained on the jobsite from August 24, 1965 to January 3, 1966. By the latter date unpaid rentals were $7,502.41 plus a hauling charge of $471.

Plaintiff filed a claim for lien on February 17, 1966 and subsequently filed suit seeking a money judgment for all past due rentals and a decree foreclosing a lien as to all such rentals. Before the suit was commenced, but after the

filing of the lien, all rent due on the D-9 tractor (second rental agreement) was paid, although a portion of it was paid late. Because of the delay in payment, $269.44 interest was claimed. The trial court allowed this interest in its judgment. The trial court likewise granted plaintiff a money judgment on all past due rentals, decreed foreclosure of the lien, and allowed attorney's fees of $800.

The first question raised on appeal is whether or not defendant continued to be bound as surety after the specific tractor identified in the first rental agreement was returned to plaintiff, or at least at the expiration of the approximate 6-month rental period.

Defendant seeks to have us construe the transactions involving the second and third tractors as separate oral contracts between plaintiff and Manning, to which defendant was not obligated as surety.

We are asked to apply the rule that a gratuitous surety is a favorite of the law; that the contract must be strictly construed so as to impose on him only the burdens clearly within the terms of such contract; and that it may not be extended by implication, presumption or construction. H. Arant, Suretyship, 141 (Hornbook Series 1931).

The trial court found that there was a continuing surety agreement between the parties from March 19, 1964 to January 3, 1966. It found that the substitution of tractors 2 and 3 was not a substantial or material deviation from the original suretyship agreement, and that the second written rental agreement had not materially modified the suretyship agreement.

The trial court reached the same conclusion by holding the defendant estopped from denying its suretyship obligation by failing to object to the tractor substitutions when it knew that if it did protest, plaintiff would have withdrawn the equipment.

We do not believe the rule advanced by defendant is applicable to this case. The trial court was required to determine factually whether or not the substitution of equipment and the use of such equipment beyond the ap-

proximate rental period of 6 months, terminated the surety agreement or whether or not the original agreement remained in effect as to the substituted equipment and for the additional time.

There was substantial evidence to support the trial court's finding that no material deviation had occurred with reference to the second and third tractors. The defendant's president testified that the entire rental of equipment involved one continuous contract. There was evidence that the parties treated the original rental agreement as subsisting with the change of equipment. No objection was made to those changes and they were promptly brought under the insurance coverage as the original agreement required.

Likewise, the trial court was warranted in considering the term of the rental contract in relation to the term of the earthmoving contract, (which at the inception had a completion date of 6 months), in determining that a material modification of the agreement had not occurred.

■    As a general rule, the liability of a surety is measured by the terms of his agreement. *Willapa Constr. Co. v. Shahour,* 105 Wash. 341, 177 P. 785 (1919); *Tucker v. Brown,* 20 Wn.2d 740, 150 P.2d 604 (1944).

This is not a case where the trial court has, by implication or construction, extended the burdens on a gratuitous surety[1] beyond those called for by his agreement. Rather, the court has decided adversely to defendant the question of fact as to what those burdens were and that the changes in equipment did not materially alter or increase them. *See Cowles v. United Sates Fidelity & Guar. Co.,* 32 Wash. 120, 72 P. 1032 (1903); *Title Guar. & Trust Co. v. Murphy,* 52 Wash. 190, 100 P. 315 (1909).

■    This court is not at liberty to set aside findings which are supported by substantial evidence. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

It is manifest, however, that an entirely new suretyship

---

[1] We do not decide that defendant was a *gratuitous* surety.

obligation arose in August of 1965 when a new lease agreement was signed by defendant, involving a more valuable tractor. This fact would not defeat plaintiff's right to a money judgment for the rentals due. However, it would affect the validity of the lien claimed.

Under RCW 60.04.040, a person who rents equipment for improving real property has a lien upon the land for the unpaid rental. To be effective, a claim of lien must be filed within 90 days after the cessation of the use of the equipment. Plaintiff's claim of lien was filed on February 17, 1966. The trial court held that the lien related back to March 19, 1964, despite the fact that two separate rental agreements were involved.

■ Defendant relies on the rule that separate contracts cannot be tacked together to enlarge the time for filing a claim of lien. *Anderson v. Taylor,* 55 Wn.2d 215, 347 P.2d 536 (1959); *Boise Cascade Corp. v. Pence,* 64 Wn.2d 798, 394 P.2d 359 (1964); *Swensson v. Carlton,* 17 Wn.2d 396, 135 P.2d 450 (1943).

In *Anderson* the Supreme Court holds that where the supplier of materials is aware that he is delivering under two separate contracts, he may not enlarge the lien filing period for delivery under the first contract by tacking that contract to deliveries made under a second contract.

In the instant case, the plaintiff was aware of the second rental agreement, having been a party to it. We see no reason to distinguish an equipment supplier from a material supplier. Both are granted lien rights by the same statute.

We disagree with the logic of applying this rule where the two rental contracts are between the same parties, for the same improvement contract and where the time for filing the lien under the first rental agreement had not expired when the second rental agreement was executed. However, the rule announced in *Anderson* is dispositive of this issue and it was error to allow the claim of lien as to the rentals for the first three tractors.

Accordingly, the lien will be vacated as to all except the

$741.43 awarded for moneys due under the second rental agreement. Costs of foreclosure are allowed, but attorney's fees are denied except for a pro rata fee which we compute at $80.

In all other respects the judgment is affirmed. Having substantially prevailed, respondent is allowed costs on appeal.

ARMSTRONG, C. J., and PETRIE, J., concur.