[No. 16452-3-II.  Division Two.  December 7, 1994.]

JOHN D. SANTOS, *Appellant*, v. RICHARD SINCLAIR, ET AL, *Defendants*, TICOR TITLE INSURANCE COMPANY OF CALIFORNIA, *Respondent*.

---

[1]In light of our disposition of this appeal, we need not address Ms. Long's motion to supplement the record.

*Richard C. Nelson; Eric Steven Nelson* and *Nelson & Associates P.S.*, for appellant.

*Russell A. Austin*, for respondent.

BRIDGEWATER, J. — John D. Santos appeals an order granting summary judgment to Ticor Insurance Company and denying Santos's motion for summary judgment. We reverse.

The facts are undisputed. Melvin and Sally Stephens (Stephens) owned a parcel of land in Grapeview, Washington, that they short platted into three separate tracts in January 1980.

Stephens recorded short plat 702 in Mason County on January 16, 1980. Short plat 702 contains the legal description of tract 2, a description that includes an easement running across tract 2 to Lombard Road for the benefit of tract 3. Short plat 702 contains the legal description of tract 3, a description that includes the easement across tract 2 for the benefit of tract 3. Short plat 702 also contains a sketch of the three tracts and of the alleged easement running from tract 3 across tract 2 to Lombard Road.

On March 1, 1980, Stephens sold tract 2 to Richard and Claire Sinclair (Sinclair) by real estate contract, with the contract reserving the easement to Stephens, their heirs, and their assigns. In November 1989, Stephens sold tract 3 to John Santos, the Appellant, by way of a recorded real estate contract that also purported to convey the easement across tract 2.

In March 1990, Santos purchased a title insurance policy from Ticor Title Insurance Company of California (Ticor), a policy that insures against loss or damage sustained by reason of a defect in or incumbrance on title, the unmarketability of title, the lack of a right of access to and from the land, and other losses.

Santos used the easement road over Sinclair's property, but in 1990 a dispute arose and Sinclair blocked Santos's

use of the road. Santos then filed a claim with Ticor, believing that his policy insured the easement road over Sinclair's land, but Ticor denied his claim, maintaining that the easement either was not covered or was excepted from coverage. Santos then sued Sinclair, Stephens, Home Title (Ticor's agent), and Ticor for various causes of action pertaining to the disputed easement.

The scope of the coverage of the policy is the subject of this appeal. Schedule A, paragraph 4 of the policy describes the land insured by the policy. Schedule B of the policy provides that the policy does not insure against loss or damage which arise by reason of a number of exceptions from coverage. The exceptions in controversy in schedule B are (1) special exception 2 and (2) standard exception B.

Finally, Home Title stamped a notation onto a copy of the sketch in short plat 702, which it then attached to the policy. The meaning of the notation is also in controversy.

The court below granted Ticor's motion for summary judgment, denied Santos's motion for summary judgment against Ticor, and dismissed Ticor from the action, holding that the title insurance policy clearly, unambiguously and expressly excepts the easement from Santos's policy with Ticor. Santos now appeals to this court, asking that the summary judgment in favor of Ticor be reversed and Santos's summary judgment motion be granted. Santos also asks for costs and reasonable attorney's fees. The other parties to the action are not involved in this appeal.

■ A motion for summary judgment shall be granted if the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56(c). When facts are not in dispute and the issue of insurance coverage depends solely on the language of the policy, the interpretation of insurance policy language is a question of law; thus, appellate review of the trial court's decision is de novo. *Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682, 801 P.2d 207 (1990). Here, since the facts are not in dispute and the issue of coverage turns on the language of the various parts of the policy, the

interpretation of this policy is a question of law and our review is de novo.

The general rules of interpreting the language of an insurance policy are well settled:

> If policy language is clear and unambiguous, the court may not modify the contract or create an ambiguity. An ambiguity exists if the language is fairly susceptible to two different reasonable interpretations. If an ambiguity exists, then the court may attempt to determine the parties' intent by examining extrinsic evidence. If a policy remains ambiguous even after resort to extrinsic evidence then this court will apply the rule that ambiguities in insurance contracts are construed against the insurer. The rule strictly construing ambiguities in favor of the insured applies with added force to exclusionary clauses which seek to limit policy coverage.

(Footnotes omitted.) *American Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874-75, 854 P.2d 622 (1993), *opinion supplemented*, 123 Wn.2d 131, 865 P.2d 507 (1994). Further, language should be interpreted in accordance with the way it would be understood by an average person, rather than in a technical sense. *American Star*, at 874.

I

Santos first argues that the easement is included in schedule A of the policy. Schedule A, paragraph 4 describes the land insured as:

> TRACT(S) 3 OF SHORT PLAT NO. 702, AS RECORDED JANUARY 17, 1980, UNDER AUDITOR's FILE NO. 372103, AND BEING A PORTION OF THE NORTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 7, TOWNSHIP 21 NORTH, RANGE 1, W.M.

Tract 3 of short plat 702, in turn, states the legal description of tract 3 as being

> the East 250-feet . . . *TOGETHER with an easement for road and utilities purposes,* . . . over the existing old road which meanders east and west through the South-half (S $1/2$) of the property . . . connecting the property herein to the Lombard Road.

(Italics ours.) Thus, Santos argues, schedule A expressly includes the easement in the policy's coverage through incorporation by reference to short plat 702.

Ticor responds that coverage in a title insurance policy is limited to the property specifically described in the policy, citing *Transamerica Title Ins. Co. v. Northwest Bldg. Corp.*, 54 Wn. App. 289, 773 P.2d 431, *review denied*, 113 Wn.2d 1008 (1989) as authority. Based upon this rule, Ticor argues that because schedule A, paragraph 4 does not explicitly describe any easement being insured, the policy's coverage does not include the easement.

■ ■ Title insurance policies are to be construed in accordance with the general rules applicable to all other contracts. *Miebach v. Safeco Title Ins. Co.*, 49 Wn. App. 451, 453, 743 P.2d 845 (1987), *review denied*, 110 Wn.2d 1005 (1988). It is well established that if the parties to a contract clearly and unequivocally incorporate by reference into their contract the terms of some other document, those terms become part of the contract. *See, e.g., Brown v. Poston*, 44 Wn.2d 717, 719, 269 P.2d 967 (1954) (where subcontractor contracted to perform plastering work on building "as per plans and specifications", both of such documents were thereby incorporated by reference into the contract); *Washington Trust Bank v. Circle K Corp.*, 15 Wn. App. 89, 93, 546 P.2d 1249 (where memorandum to lease referred to an earlier contract between the parties, memorandum held to have incorporated terms of the earlier contract by reference), *review denied*, 87 Wn.2d 1006 (1976); *Turner v. Wexler*, 14 Wn. App. 143, 148, 538 P.2d 877 (where real estate contract referred to terms of an earlier real estate contract between parties, terms of earlier contract held incorporated by reference into later contract), *review denied*, 86 Wn.2d 1004 (1975).

Here, the title insurance policy issued by Ticor clearly and unequivocally incorporates by reference the legal description of tract 3 in short plat 702, which includes the disputed easement. The bare words contained in schedule A, paragraph 4 give only a vague description of the land insured. If the terms of short plat 702 are ignored, the land insured under schedule A would be described only as "A PORTION OF THE NORTHEAST QUARTER OF THE NORTHEAST

QUARTER OF SECTION 7, TOWNSHIP 21 NORTH, RANGE 1, W.M.", a description that encompasses all three tracts. It is thus clear that by specifically referring to the land insured in the policy as "TRACT(S) 3 OF SHORT PLAT NO. 702" the parties intended to use the more exact legal description of tract 3 contained in short plat 702.

■ Moreover, Ticor relies improperly on *Transamerica Title*, for the proposition that coverage in a title policy is limited to the property specifically described in the policy. *Transamerica* has been overruled by *Denny's Restaurants, Inc. v. Security Union Title Ins. Co.*, 71 Wn. App. 194, 859 P.2d 619 (1993), which held that the purpose of the legal description in a title insurance policy is to identify the subject of the insurance, not to limit the protection of the policy. *Denny's*, at 205; *Shotwell v. Transamerica Title Ins. Co.*, 91 Wn.2d 161, 169, 588 P.2d 208 (1978). Thus, the description of the property insured in schedule A is intended to identify that it is Santos's property that is being insured and is not intended to limit the protection of the policy. Limitations and exclusions from coverage are located in another section of the policy.

## II

■ A title insurance policy is presumed to include coverage within its terms "for matters not *specifically excluded*". (Italics ours.) *Denny's*, at 210. Further, the language of an insurance contract must be interpreted as it would be understood by the average person purchasing insurance. *Shotwell*, at 168. Therefore, unless the policy specifically excludes the easement, Ticor must insure it.

Ticor relies upon special exception 2, which provides that the policy does not insure against loss or damage which arises by reason of:

RIGHTS, RESTRICTIONS AND RESERVATIONS SHOWN WITHIN SAID SHORT PLAT WHICH AFFECTS OUR LOT BY REASON OF INCLUSION WITHIN SAID SHORT PLAT NO. 702 RECORDED UNDER AUDITOR's FILE NO. 372103.

The clause is ambiguous. First, the "rights, restrictions and reservations" clause is undefined in the "Definition of

Terms" section of the policy, thus leaving an average person unaware of the exact meaning of the clause from examining the policy. Second, the only time that any of the terms in the clause actually appear in short plat 702 is when the word "reservation" is used in the legal description of *tract 2*, not tract 3,[1] thus making it less likely that Santos would have been aware that the "reservation" spoken of in the clause was applicable to his land. Finally, an easement, although an incorporeal "right", is an *interest* in land, so the exception for a "right" is inapplicable to an "interest" such as the easement here. *Perrin v. Derbyshire Scenic Acres Water Corp.*, 63 Wn.2d 716, 719, 388 P.2d 949 (1964).

In short, the policy language, even considered in isolation, is ambiguous. *Shotwell* directs us to the policy as a whole and instructs the court not to place undue emphasis upon isolated segments of the policy, *Shotwell*, 91 Wn.2d at 166; see the discussion of standard exception B below. Because special exemption 2 remains ambiguous, this court is required to apply the rule that ambiguities in insurance contracts are to be constructed against the insurer. *American Star*, 121 Wn.2d at 874-75. Therefore, we construe special exemption 2 against Ticor and hold that the clause does not exempt the easement from coverage.

### III

Standard exception B provides that the policy does not insure against loss or damage which arises by reason of:

  B.   Public or private easements, streets, roads, alleys or highways, *unless disclosed of record by plat or conveyance*, or decree of a court record.

(Italics ours.)

Ticor contends that "no easement is described in the short plat". Ticor supports this position by arguing that litigation remains among Santos and the other Defendants as to

---

[1]Short plat 702 legally describes tract 2 in pertinent part as follows:

"TRACT '2' — the South-half (S 1/2) . . . of the following described property EXCEPTING therefrom *reservation* of easement for road and utilities purposes, . . . for the benefit of the East 250-feet of the property described below . . .". (Italics ours.)

whether an easement exists, where it is, and how wide it is and because "[t]he only reference to an easement are the . . . somewhat shaky parallel lines" drawn into the sketch attached to short plat 702.

Here, however, the easement clearly is "disclosed . . . by plat or conveyance". First, the easement is expressly disclosed by short plat 702 in the legal descriptions of both tracts 2 and 3. Second, the easement is also expressly disclosed by conveyance in the form of the real estate contract between Stephens and Santos, which was recorded on November 13, 1989. Thus, the "unless disclosed by . . . plat or conveyance" condition of standard exception B has unambiguously been fulfilled, and the exception does not apply.

### IV

Ticor argues that when Home Title, Ticor's agent in Washington, stamped a notation onto a copy of the sketch in short plat 702, the easement was excluded. The copy with the notation was then attached to the policy. The notation provides:

> The Company has not surveyed the premises described in *(blank)*. The sketch below is furnished without charge solely for the purposes of assisting in locating said premises and the Company assumes no liability as to the validity, location, or ownership of any easement or other matter shown thereon, nor for the inaccuracies therein, including the accurate location of boundaries, including water boundaries. This sketch does not purport to show all highways, roads and easements adjoining or affecting said premises, nor is it a part or modification of the report, commitment, policy or other title evidence to which it may be attached.

This "boilerplate notation" cannot act as an exclusion to coverage because it is merely a disclaimer for any inaccuracies in the sketch and does not change the fact that the easement is included in the legal description of short plat 702. The plain language of the notation shows that it does not relate to coverage of the policy, as the notation provides in pertinent part that it "is furnished without charge *solely for the purposes of assisting in locating said premises . . .*". (Italics ours.) If any construction is given it is that the aver-

age purchaser of insurance would interpret the sketch as merely assisting him in locating his easement. The notation is an added disclaimer as to the accuracy of the sketch and has no bearing on what items are and are not covered by the policy.

### V

Appellant has requested an award of attorney's fees, but has failed to comply with RAP 18.1. The request is denied.

We reverse and remand for entry of summary judgment in favor of Santos.

ALEXANDER and HOUGHTON, JJ., concur.

Reconsideration denied January 3, 1995.