[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#105)
In this lawsuit, the plaintiff, Horace P. Halling ("Halling") seeks enforcement of a Stock Option Agreement entered into between himself and the defendant, Jetseal, Inc. ("Jetseal"). Jetseal and the other defendants have moved to dismiss the case asserting that Halling has violated a forum selection provision that makes Spokane, Washington the proper forum for litigation arising out of the Stock Option Agreement. For the reasons set forth below, the motion to dismiss is denied.
 I. BACKGROUND
On August 6, 1997, Halling and Jetseal executed a written Employment Agreement. The agreement contained numerous provisions pertaining to Halling's employment with Jetseal only two of which are relevant to the present motion. Paragraph 12 of the Employment Agreement provided that Halling could purchase stock in Jetseal under certain designated terms. Paragraph 19 of the Employment Agreement provided: CT Page 7760
 "This Agreement shall be construed and enforced in accordance with the laws of the State of Washington and Spokane County, Washington, shall be proper venue for any arbitration or litigation arising out of this Agreement."
The Employment Agreement was the product of negotiation between the parties. In particular, as to the choice of law/forum provision, Halling had initially proposed that Connecticut be the forum state, but through the negotiation process Washington was designated.
Subsequent to the execution of the Employment Agreement, Halling and the defendants negotiated a Stock Option Agreement that was signed by the parties in June, 1999.[1] The Stock Option Agreement does not contain a clause designating choice of law or forum in the event of litigation, nor does it explicitly reference the Employment Agreement.
The parties to the Employment Agreement were Halling and Jetseal. The parties to the Stock Option Agreement were Halling, Jetseal and Jetseal's stockholders: Gary Meyers, Paul Porter and Kim Porter.
 II. DISCUSSION
The defendant correctly states that choice of law and choice of forum provisions in contracts are generally enforced. See Reichhold Chemicals,Inc. v. Hartford Accident Indemnity Co., 252 Conn. 774, 788 (2000) (the law of Connecticut favors enforcement of contractual choice of law provisions); The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972) (general rule is that forum selection clauses should be enforced unless enforcement is unreasonable under the circumstances). The issue presented by the motion to dismiss, however, is not the enforceability of choice of law/forum clauses but rather whether such a clause can be imputed to the Stock Option Agreement. As stated above, the Stock Option Agreement does not contain such a clause nor does it explicitly incorporate the choice of law/forum provisions of the Employment Agreement.
As with most questions of contract law, whether the provisions of the Employment Agreement are incorporated into the Stock Option Agreement turns on the intention of the contracting parties. Lawson v. Whitey'sFrame Shop, 241 Conn. 678, 686 (1997). "Where the signatories execute a contract which refers to another instrument in such a manner as to establish that they intended to make the terms and conditions of that other instrument part of their understanding, the two may be interpreted together as the agreement of the parties." Randolph Construction Co. v.CT Page 7761Kings East Corporation, 165 Conn. 269, 275 (1973). Moreover, where two instruments are entered into between the same parties concerning the same subject matter they may, under some circumstances, be regarded as one contract and construed together. 17A Am.Jur.2d, Contracts § 388. Where, however, contracts are put into several instruments, each of which has a sensible meaning and may have full operation by itself, it would be a hazardous assumption to put them together for the purpose of making them mean, as one, differently from what they could in this separate state. Id. It is also important to bear in mind that courts do not have a right to add to a contract a term the parties have not agreed to. Pesinov. Atlantic Bank of New York, 244 Conn. 85, 93 (1998).
The defendants assert that the intention of the contracting parties can be inferred from a letter sent by Halling to Gary Meyers dated September 20, 2000. The letter requests transfer of stock to Halling in accordance with the Stock Option Agreement. In his letter, Halling states: "This agreement depends from Article 12 of the Employment Agreement dated 6 August 1977 (sic), which it augments but does not supercede." The defendants argue that this statement establishes the parties intention to incorporate the Employment Agreement (including its choice of forum clause) into the Stock Option Agreement.
Applying the law summarized above to the issue presented, the court does not believe it is appropriate to import the choice of law/forum selection clause into the Stock Option Agreement. First and foremost, the Stock Option Agreement does not refer to the Employment Agreement nor expressly incorporate any of its terms. Under both Washington and Connecticut law incorporation by reference must be clear and unequivocal. Santos v. Sinclair, 76 Wash. App. 320, 325, 884 P.2d 941
(1994); Randolph Construction Co. v. Kings East Corporation, supra 275. In addition, the instruments were executed at different times and involved different parties. The Employment Agreement is between Hailing and Jetseal whereas the Stock Option Agreement is among Hailing, Jetseal and Jetseal's stockholders. Given the different time frames and parties, the court finds that the two contracts, although related in a general way, are distinct and stand on their own such that they should not be read as one.
Both sides have pointed to extrinsic evidence to support their positions. As noted above, the defendants claim that Hailing's September 20, 2000 letter establishes an intent to incorporate the Employment Agreement's provisions into the Stock Option Agreement. This interpretation goes too far. The letter's language merely acknowledges that both the Employment Agreement and the Stock Option Agreement contain provisions allowing Halling to purchase stock in Jetseal. A broader construction of the letter as to incorporation of terms is not CT Page 7762 warranted. Hailing, on the other hand, asserts that the choice of law/forum language in the Employment Agreement was a negotiated term and that he originally proposed that Connecticut be the forum state. Hailing further claims that the Stock Option Agreement was also extensively negotiated and that the court should not add a term not expressly included by the parties.
In sum, this extrinsic evidence does not establish an intention of the parties to either read the Employment Agreement and Stock Option Agreement as one contract nor to incorporate terms from one into the other. Accordingly, the court finds that Halling is entitled to bring this lawsuit in Connecticut.
The motion to dismiss must be denied.
 CONCLUSION
For the reasons set forth above, the motion to dismiss is denied.
So Ordered at New Haven, Connecticut this 5th day of June, 2001.
Devlin, J.