CONTRACTORS EQUIPMENT MAIN-
TENANCE COMPANY, INC., a Wash-
ington corporation, for the use and
benefit of the United States of Amer-
ica, Plaintiff,

v.

BECHTEL HANFORD, INC., a
corporation;, Defendant—
Appellee,

P.W. Stephens Contractors, Inc., a Mis-
souri corporation; Acstar Insurance
Co., Defendants—Appellants.

No. 04–35344.

D.C. No. CV–02–05006–RHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided Aug. 24, 2005.

John G. Schultz, Leavy Schultz David & Fearing, Kennewick, WA, for Plaintiff.

David Clark Groff, Jr., Marisa Bavand-Butler, Groff Murphy Trachenberg & Everard, PLLC, Seattle, WA, for Defendant—Appellee.

Michael B. Galletch, Dale R. Martin, Barokas & Martin, Seattle, WA, Marilyn S. Klinger, Sedgwick, Detert, Moran and Arnold, Los Angeles, CA, for Defendants—Appellants.

Before HUG, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

P.W. Stephens ("Stephens"), a subcontractor, defaulted on its multi-year subcontract with Bechtel Hanford, Inc. ("Bechtel") to perform environmental clean up work at the Hanford Nuclear Reservation ("the Hanford site"). The district court awarded Bechtel damages and attorney's fees, costs, and prejudgment interest from Acstar Insurance Company ("Acstar"), a performance and payment bond surety for Stephens.

On appeal, Acstar contests the district court's award of damages and attorney's fees, costs, and prejudgment interest, and asserts that it was entitled to equitable subrogation from retainages and unpaid contract earnings held by Bechtel under the Stephens subcontract. We have jurisdiction under 28 U.S.C. § 1291, and we affirm, in part, and reverse, in part.

### A. Standard of Review

State law controls the interpretation of Miller Act subcontracts and surety bonds to which the United States is not a party. *See United States ex rel. Bldg. Rentals Corp. v. Western Casualty and Sur. Co.*, 498 F.2d 335, 338 n. 4 (9th Cir.1974); *see also Mai Steel Service Inc. v. Blake Construction Company*, 981 F.2d 414, 420 (9th Cir.1992). Questions of state law are reviewed de novo by this court. *See Matter of McLinn*, 739 F.2d 1395, 1397–98 (9th Cir.1984) (en banc). However, "[f]indings of fact by the trial court are presumptively correct and will not be set aside unless clearly erroneous." *Glens Falls Indemnity Co. v. United States ex rel. Westinghouse*, 229 F.2d 370, 373 (9th Cir.1955).

### B. Analysis

1. Acstar argues that the district court erred in finding that it was liable under

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the performance bond for damages to Bechtel in Fiscal Year 2001 ("FY 2001"). Acstar argues that Bechtel was required to offset these damages against retainages and unpaid contract earnings on its subcontract with Stephens. As the retainages and unpaid contract earnings were more than the sums Acstar owed Bechtel, Acstar contends that its payment obligations under the performance bond were never triggered.

We reject Acstar's argument that its payment obligations under the Bond were not triggered. Bechtel's damages for Stephens' breach arising not only in FY 2001, but also throughout the remainder of the six-year subcontract, are greater than the unpaid earnings and retainages. We therefore hold that the district court correctly held that Acstar was required to pay for Bechtel's excess costs in FY 2001.

To hold otherwise would eviscerate the purpose of the performance bond by shifting the burden arising from the breach of contract from the surety of a breaching party to the injured party. *See Memphis & L.R.R. Co. v. Dow,* 120 U.S. 287, 302, 7 S.Ct. 482, 30 L.Ed. 595 (1887) (stating that the right of subrogation "is enforced solely for the purpose of accomplishing the ends of substantial justice.")

■ 2. Acstar also argues that it was entitled to subrogation, without setoff, from the unpaid contract earnings and retainages held by Bechtel. Acstar contends that once Bechtel's losses from FY 2001 were paid, that its own subrogation rights trumped Bechtel's right to set off any additional damages caused by Stephens's breach. The district court correctly determined, however, that to the extent that Acstar claims to have been subrogated to Stephens's rights, that its rights to the retainages and attorney's fees were also limited by the express conditions set forth in the subcontract. As noted by the district court, SC–15 of the subcontract permits Bechtel to set off all amounts it has withheld from a subcontractor against all damages sustained when the subcontractor breaches.

Although Acstar asserts that it is also subrogated to the rights of Bechtel and the government, there is nothing in the record to indicate that Acstar fulfilled its performance bond obligations. To the contrary, it appears from the record that the excess costs were paid by the Department of Energy. *See Reliance Ins. Co. v. U.S. Bank of Washington, N.A.,* 143 F.3d 502, 506 (9th Cir.1998) ("At common law, a surety does not become subrogated to its principal's right to payment from a third party until the surety *performs* the principal's obligation.") (emphasis added).

■ 3. We next consider Acstar's challenge to the district court's award of attorney's fees, costs, and prejudgment interest. Under *F.D. Rich Co. v. United States ex. rel. Indus. Lumber Co.,* 417 U.S. 116, 126, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), the "so-called 'American Rule' governing the award of attorney's fees in federal court" applies to Miller Act cases. The American Rule generally provides that attorney's fees "are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Id.* (internal quotations omitted).

Acstar contends that its obligations to indemnify Bechtel were expressly limited by the terms of the rider to its performance bond surety agreement. Washington law requires that an intent to incorporate another document by reference be reasonably clear from the language of the contract. *See Santos v. Sinclair,* 76 Wash. App. 320, 884 P.2d 941, 943 (1994)

There is a bare reference on the face of the bond to the subcontract. The terms of the rider, however, support Acstar's argument that the bond expressly limited its

liability to the costs of performing the contract. We agree that the intent to incorporate the subcontract's attorney's fees provision was not clear from the face of the bond or the rider. Therefore, the district court erred in relying on the subcontract as a basis for attorney's fees. We therefore vacate the district court's order of attorney's fees, costs, and prejudgment interest, except to the extent that Bechtel, as a prevailing party, may recover costs under FED. R. CIV. P. 54(d).

4. Because Bechtel has yet to comply with Ninth Circuit Rule 39–1.6, its request for attorney's fees on appeal is premature. We express no view on whether Bechtel is entitled to attorney's fees on appeal.

AFFIRMED, in part, and REVERSED, in part.