# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CONTRACTORS EQUIPMENT
MAINTENANCE CO., INC., a
Washington corporation, for the
use and benefit of the United
States of America,

*Plaintiff,*

and

UNITED COASTAL INSURANCE
COMPANY,

*Appellant,*

v.

BECHTEL HANFORD, INC., a
corporation,

*Defendant-Appellee.*

No. 06-35310

D.C. No.
CV-02-05006-RHW

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Chief District Judge, Presiding

Argued and Submitted
October 16, 2007—Seattle, Washington

Filed January 24, 2008

Before: Richard D. Cudahy,* Stephen Reinhardt, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Cudahy

*The Honorable Richard D. Cudahy, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

1221

## COUNSEL

Marilyn S. Klinger (argued) and Hall R. Marston, Gerald D. Kim, Sedgwick, Detert, Moran & Arnold LLP, Los Angeles, California, for the appellant.

Michael P. Grace (argued) and David C. Groff, Marisa M. Bavand, Linda Y. Chu, Groff Murphy Trachtenberg & Everard, PLLC, Seattle, Washington, for the defendant-appellee.

**OPINION**

CUDAHY, Circuit Judge:

United Coastal Insurance Company (UCIC) appeals the district court's order granting Bechtel Hanford, Inc.'s (Bechtel's) motion for judgment on a supersedeas bond. Bechtel was awarded a judgment in 2004 against Acstar Insurance Co. (Acstar) and P.W. Stephens Contractors, Inc. (PWS). Acstar obtained a supersedeas bond from UCIC and appealed the judgment against it. After we affirmed in part and reversed in part, Bechtel moved to collect the entire 2004 judgment from UCIC. The district court concluded that the supersedeas bond covered the judgment against both Acstar and PWS and granted Bechtel's motion, ordering UCIC to pay the entire underlying judgment. On appeal, UCIC claims that the bond secured only Bechtel's judgment against Acstar. We have jurisdiction under 28 U.S.C. § 1291. We agree with UCIC that the bond secures only Acstar's obligations on the underlying judgment and therefore reverse. Because Acstar's liability has been satisfied, we direct entry of judgment in favor of UCIC.

FACTUAL AND PROCEDURAL BACKGROUND

This case is the product of a breach of contract dispute in an environmental remediation project. Bechtel contracted with the United States Department of Energy (DOE) to perform environmental clean-up work at the Hanford Nuclear Reservation in Washington.[1] PWS entered a subcontract with Bechtel to work under Bechtel's prime contract with DOE and obtained a performance bond from Acstar. When PWS defaulted on the subcontract, Contractors Equipment Maintenance Company, Inc., a second-tier subcontractor, sued Bechtel, PWS and Acstar. Bechtel subsequently filed cross-claims against PWS and Acstar. On March 23, 2004, the district

---

[1]The factual background of the underlying litigation is taken from the district court's Findings of Fact and Conclusions of Law (R. 272.)

court awarded Bechtel $282,611 against PWS for its breach of contract and the same amount against Acstar on its performance bond. The district court also found Acstar and PWS jointly and severally liable for $296,554 in attorney's fees, $35,844.09 in costs and expenses and $95,989.35 in prejudgment interest, and awarded Bechtel post-judgment interest as provided by law.

On April 22, 2004, Acstar and PWS filed a Notice of Appeal, which stated that:

> Defendants Acstar Insurance Company and P.W. Stephens Contractors, Inc. appeal to the United States Court of Appeals for the Ninth Circuit the judgment entered by the United States District Court, Eastern District of Washington, on March 23, 2004 . . . .

Pursuant to Fed. R. Civ. P. 62(d), Acstar obtained a supersedeas bond from UCIC to stay the judgment.[2] Whether that bond secures the judgment against Acstar alone or against both Acstar and PWS is the issue presented here. A Notice of Filing Undertaking to Stay Enforcement of Money Judgment Pending Appeal was filed on June 9, 2004 and the supersedeas bond was attached as Exhibit 1 to the filing. The notice provided:

> [A]n undertaking is being filed on behalf of Defendant Acstar Insurance Co., the original of which is

---

[2]Fed. R. Civ. P. 62(d) was amended recently as part of the general restyling of the Federal Rules to make them easier to understand. The version in effect when Acstar obtained a supersedeas bond from UCIC provided: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court."

> attached hereto as Exhibit 1, to stay the money Judgment for Bechtel Hanford, Inc. against P.W. Stephens Contractors, Acstar Insurance Co. and Contractor's [sic] Equipment Maintenance Co. entered by the Court on May 23, 2004.

On appeal, Acstar challenged the district court's award of damages as well as attorney's fees, costs and prejudgment interest. We affirmed the judgment against Acstar on its performance bond but vacated the award of attorney's fees, costs and interest. We also determined that as the prevailing party, Bechtel was entitled to costs under Fed. R. Civ. P. 54(d). *Contractors Equip. Maint. Co. v. Bechtel Hanford, Inc.*, 150 F. App'x 585 (9th Cir. 2005). PWS did not challenge the judgment against it and remained liable for its breach of contract damages as well as fees, costs and prejudgment interest.

After our decision, Bechtel moved to recover the 2004 judgment from UCIC pursuant to the supersedeas bond. The district court granted Bechtel's motion and entered judgment in favor of Bechtel. After the court's decision, Acstar paid Bechtel its portion of the 2004 judgment and Bechtel acknowledged that the payment satisfied Acstar's own obligation under the judgment. On appeal from the district court's judgment, UCIC contends that the supersedeas bond covered only Acstar's liability and that UCIC is not liable for the outstanding obligations of PWS, which is the only portion of the 2004 judgment that remains unsatisfied.

## STANDARD OF REVIEW

We review a decision to execute a bond de novo. *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994). A supersedeas bond is a contract. *Nat'l Bank of Wash. v. Equity Investors*, 86 Wash.2d 545, 546 P.2d 440, 444 (1976) (en banc). Hence, we apply contract review principles and review de novo the district court's interpretation of

the bond. *Confederated Tribes of Siletz Indians v. Oregon*, 143 F.3d 481, 484 (9th Cir. 1998).

## DISCUSSION

**[1]** State law governs the interpretation of surety bonds. *See Mai Steel Serv., Inc. v. Blake Constr. Co.*, 981 F.2d 414, 420 (9th Cir. 1992). In Washington, surety contracts are subject to the rules governing simple contracts, *Nat'l Bank of Wash.*, 546 P.2d at 444, and "the touchstone of the interpretation of contracts is the intent of the parties." *Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc.*, 120 Wash.2d 573, 844 P.2d 428, 432 (1993) (en banc). Washington follows the objective manifestation theory of contracts under which a court focuses on the "objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties" to ascertain intent. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 115 P.3d 262, 267 (2005) (en banc). *See also Allstate Ins. Co. v. Peasley*, 131 Wash.2d 420, 932 P.2d 1244, 1246 (1997) (en banc) (noting that if "the language in an insurance policy is clear and unambiguous, the court must enforce it as written and cannot modify the contract or create ambiguity where none exists"). In interpreting surety contracts, like other contracts, courts focus on the language of the agreement. *See King Equip. Co. v. R. N. & L. Corp.*, 1 Wash.App. 487, 462 P.2d 973, 975 (Ct. App. 1969) ("[T]he liability of a surety is measured by the terms of his agreement.").

Where the meaning of specific contractual terms is unclear, a court may consider extrinsic evidence, such as "(1) the subject matter and objective of the contract, (2) all the circumstances surrounding the making of the contract, (3) the subsequent acts and conduct of the parties, and (4) the reasonableness of respective interpretations urged by the parties." *Hearst*, 115 P.3d at 266 (citing *Berg v. Hudesman*, 115 Wash.2d 657, 667, 801 P.2d 222 (1990) (en banc)). While extrinsic evidence may be used to ascertain the meaning of

particular words in a contract, it is not to be used to " 'show an intention independent of the instrument' or to 'vary, contradict or modify the written word.' " *Id.* at 267 (quoting *Hollis v. Garwall, Inc.*, 137 Wash.2d 683, 695-96, 974 P.2d 836 (1999) (en banc)). "[T]he subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used." *Id.*

The starting point of our analysis, therefore, is the language of the bond. We turn to the supersedeas bond, which provides:

> [W]e, Defendant/Appellant Acstar Insurance Co. ("Acstar"), an entity incorporated in the State of New York, as Principal and _____, an entity incorporated in the State of _____, as Surety, are held and firmly bound to Defendant Bechtel Hanford, Inc., Appellee under this instrument, for the purpose of satisfying the Money Judgment, plus any costs, fees, and statutory interest in the above-captioned case, in the amount of, and not to exceed, One Million Four Hundred Twenty One Thousand Nine Hundred Ninety Six Dollars and Eighty Cents ($1,421,996.80), we bind ourselves, our successors and assigns, jointly and severally.

> WHEREAS, on the 23rd day of March 2004, in the above-captioned matter, Defendant Bechtel Hanford was awarded judgment against Acstar and Defendant P.W. Stephens Contractors in the total amount of $710,998.40;

> WHEREAS, Acstar has filed a Notice of Appeal sufficient to appeal that judgment, among other orders of the trial court, to the United States Court of Appeals for the Ninth Circuit;

> NOW, THEREFORE, the condition of this obligation is such that if Acstar shall pay all costs, fees,

disbursements and judgments incurred by reason of said appeal proceeding, then this obligation shall be null and void and released, but otherwise to remain in full force and effect, provided, however, that the maximum liability for the Surety shall not exceed the sum of $1,066,497.65.[3]

**[2]** In a surety contract, the surety agrees to answer for the debts of the principal. 74 Am.Jur.2d Suretyship § 3 (1974). If the contract names a particular principal, the surety's obligations are limited to those of the named principal. *See, e.g.*, *State ex rel. Reitmeier v. Oakley*, 129 Wash. 553, 225 P. 425, 428 (1924). The bond at issue here clearly names only Acstar as the principal and Acstar alone executed the bond as principal. Thus, the bond states that Acstar has filed a Notice of Appeal and provides that "if Acstar shall pay all costs, fees, disbursements and judgments incurred by reason of said appeal, then this obligation shall be null and void." It makes no mention of an appeal by PWS of a judgment against it. PWS is not a party to the surety contract. Thus, UCIC can be liable only for Acstar's obligations. *Tucker v. Brown*, 20 Wash.2d 740, 150 P.2d 604, 658 (1944) (en banc) ("The surety cannot be held liable unless the principal is liable.").

Bechtel's argument that the bond secures the liability of both Acstar and PWS hinges on its position that Acstar was obligated to satisfy the judgment of PWS and, therefore, UCIC is similarly bound. This argument is unavailing. Bechtel argues that the recital ("WHEREAS") paragraphs, when read together, show that Acstar assumed PWS' liability on the underlying judgment. It points to the first recital paragraph, which states that on March 23, 2004, Bechtel was awarded judgment against Acstar and PWS. The second recital paragraph states that "Acstar has filed a Notice of Appeal sufficient to appeal that judgment." Bechtel contends that because

---

[3]Although the name of the Surety and its state of incorporation were left blank, UCIC executed the supersedeas bond as surety.

the first recital mentions PWS, we must read the second recital paragraph to mean that Acstar appeals the judgment against both it and PWS. However, the passing reference to PWS in the first recital paragraph is not evidence that Acstar, as principal, and UCIC, as surety, intended to assume the liability for PWS' portion of the 2004 judgment. Rather, the paragraph merely states the important fact that created Acstar's need for a bond. *See Northern State Constr. Co. v. Robbins*, 76 Wash.2d 357, 457 P.2d 187, 192 (1969) (noting that recitals "do not constitute a promise or condition which would amount to a contractual element of the agreement"); *Rains v. Walby*, 13 Wash.App. 712, 537 P.2d 833, 836 (App. Ct. 1975) (observing that "recitals supply only background for the paragraphs which set forth the bargain that the parties struck on the date of execution of the contract[ ]").

**[3]** Bechtel also points out that Acstar held itself bound "for the purpose of satisfying the Money Judgment . . . in the above-captioned case." The case caption includes both PWS and Acstar; therefore, according to Bechtel, the bond must secure the judgment against both PWS and Acstar. This argument is unpersuasive as well. Reading the reference to the title of the underlying judgment as obligating Acstar to satisfy PWS' liability on the underlying judgment is a far fetch. There is simply nothing in the bond that establishes that Acstar was liable for PWS' portion of the judgment. Acstar's debts do not include PWS' debts and thus, we cannot hold UCIC liable to assume PWS' liability on the underlying judgment.

**[4]** Although we believe the bond clearly secures only the obligations of the principal, Acstar, we briefly note the extrinsic documents the district court used to interpret the bond. One of these is the Notice of Appeal, which states that Acstar and PWS appeal the 2004 district court judgment. The district court concluded that the appeal was filed on behalf of both Acstar and PWS and as a result, the supersedeas bond was filed to stay the judgment against both parties. But the mere

fact that both Acstar and PWS indicated their intent to appeal does not change the scope of the surety contract between Acstar and UCIC. PWS may have indicated its intent to appeal but it is not a principal on the bond. The district court also relied on the Notice of Filing Undertaking, which states that "an undertaking is being filed on behalf of Defendant Acstar Insurance Co . . . . to stay the money Judgment for Bechtel Hanford, Inc. against P.W. Stephens Contractors, Acstar Insurance Co. and Contractor's [sic] Equipment Maintenance Co." But it is clear that the undertaking is filed "on behalf of" Acstar alone, not PWS. Although the notice recites the title of the 2004 judgment, the notice does not alter the scope of the bond. Nor could it, for a party to a contract cannot alter the contract without the other party's consent. *See Union Pac. R.R. Co. v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 549 F.2d 114, 118 (9th Cir. 1976) ("One party cannot unilaterally modify a contract without the consent of the other party . . . .") (citing *Hanson v. Puget Sound Navigation Co.*, 52 Wash.2d 124, 323 P.2d 655 (1958)); *Jones v. Best*, 134 Wash.2d 232, 950 P.2d 1, 5 (1998) (en banc) (noting that mutual assent is required to modify a contract).

In fact, the context of the earlier appeal supports our reading of the bond. In addition to having appealed the district court's award of damages, Acstar had appealed the award of attorney's fees, costs and prejudgment interest, which were awarded jointly and severally against Acstar and PWS. On that appeal, we affirmed the award of damages against Acstar but reversed the district court's award of fees, costs and interest. Acstar has since discharged its liability on its performance bond. All that remains outstanding is PWS' liability for fees, costs and interest. As principal on the bond, Acstar would be required to reimburse UCIC if UCIC had paid Bechtel with respect to the obligation secured by the bond. *See Honey v. Davis*, 131 Wash.2d 212, 930 P.2d 908, 911, *amended*, 937 P.2d 1052 (1997) (en banc); *Leuning v. Hill*, 79 Wash.2d 396, 486 P.2d 87, 89-90 (1971) (en banc). It simply makes no sense that Acstar would appeal the district court's award of

fees, costs and interest against it while simultaneously obligating itself through assumption of PWS' liability to pay those costs even if it prevailed in its appeal.

Finally, we note that the parties dispute whether the bond was approved and whether it stayed the entire judgment. The district court did not issue an order approving the bond or staying the judgment. At oral argument, counsel for Bechtel asserted that when the clerk accepted the bond, that act constituted "approval" sufficient to satisfy Fed. R. Civ. P. 62(d). While there appears to be some support for Bechtel's argument, *see Houston Fire & Cas. Ins. Co. v. Ivens*, 323 F.2d 112, 113 (5th Cir. 1963) (per curiam); *Phansalkar v. Andersen Weinroth & Co.*, 211 F.R.D. 197, 199-200 (S.D.N.Y. 2002), we find that resolution of this question is not required. The district court concluded that the entire judgment, including the judgment against PWS, had been stayed by the filing of the bond. Even if we accept that determination, the district court's conclusion cannot alter the scope of the surety contract between UCIC and Acstar. *See Hansen Serv. v. Lunn*, 155 Wash. 182, 283 P. 695, 698 (1930) ("The liability of the guarantor cannot be enlarged beyond the strict intent of his contract."); *Simpson Logging Co. v. Nw. Bridge Co.*, 76 Wash. 533, 137 P. 127, 129 (1913) ("[S]ureties and guarantors are not to be held liable beyond the express terms of their engagement.") (citing *Union Mut. Life Ins. Co. v. Hanford*, 143 U.S. 187, 12 S. Ct. 437, 36 L. Ed. 118 (1892)). *See also Goldberg, Marchesano, Kohlman, Inc. v. Old Republic Sur. Co.*, 727 A.2d 858, 861 (D.C. App. 1999) (finding that although the entire judgment was stayed, the supersedeas bond did not secure the judgment against both co-judgment debtors). UCIC's obligation is at issue in this appeal, and that obligation is determined by the language of the supersedeas bond. *See Tucker*, 150 P.2d at 658 ("The liability of a bondsman is always measured by the express terms of his covenant . . . .").

**[5]** We are mindful of Bechtel's concern at being unable to collect a portion of its underlying judgment from PWS, which

is now defunct. But the bond agreement clearly describes Acstar alone as the principal and Acstar alone executed the bond as principal; thus, UCIC's obligations as surety are limited to Acstar's liability on the underlying judgment, which has been discharged.

REVERSED with directions to enter judgment in favor of UCIC.