FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS OSWALT; FEDERAL INSURANCE COMPANY, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> RESOLUTE INDUSTRIES INC, <br><br> Defendant - Appellant. | No. 11-35676 <br><br> D.C. No. 2:08-cv-01600-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Submitted November 8, 2012[**]
Seattle, Washington

Before:     W. FLETCHER and FISHER, Circuit Judges, and TUCKER,
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Josephine Staton Tucker, United States District Judge for the Central District of California, sitting by designation.

This is an appeal from the district court's order granting a prevailing party's motion to enforce a supersedeas bond upon the Ninth Circuit's affirmation of a trial verdict. In the original bench trial, the district court found Resolute Industries, Inc. liable for nearly $250,000 in damages to Curtis Oswalt's boat caused by the negligence of a Resolute employee. The Ninth Circuit affirmed. Oswalt moved to enforce judgment against Resolute based on the supersedeas bond Resolute had obtained prior to appeal. Resolute opposed Oswalt's motion on the ground that the liability of manufacturer Webasto Products NA, Inc. had not yet been determined, and thus another party could still be found 100 percent liable; it also objected that the case was not final under Rule 54(b). The court rejected Resolute's arguments and granted Oswalt's motion. Resolute appealed. We review a district court's decision to execute a bond de novo. *Contractors Equip. Maint. Co., Inc. ex rel. United States v. Bechtel Hanford, Inc.*, 514 F.3d 899, 903 (9th Cir. 2008). We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

Resolute summarizes the issue before us in its reply brief: "can a party be liable for an entire judgment, when there still existed [sic] a possibility that another party may be found 100 percent liable for the damages to the plaintiff." The answer is yes. In admiralty, joint and several liability applies to joint tortfeasors just as at common law. *See McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220-21

2

(1994). "If the independent tortious conduct of two or more persons is a legal cause of an indivisible injury, each person is jointly and severally liable for the recoverable damages caused by the tortious conduct." Restatement (Third) of Torts: Apportionment Liab. § C18 (2000). The district court, affirmed by the Ninth Circuit, has found Resolute's independent tortious conduct to be a legal cause of the damage to Oswalt's boat. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856 (9th Cir. 2011). If the Ninth Circuit reverses the trial court's finding that Webasto is not liable, at most this would mean that Webasto's independent tortious conduct is *also* a legal cause of the damage to Oswalt's boat. This would leave Resolute and Webasto jointly and severally liable. "When, under applicable law, some persons are jointly and severally liable to an injured person, the injured person may sue for and recover the full amount of recoverable damages from any jointly and severally liable person." Restatement (Third) of Torts: Apportionment Liab. § 10 (2000). Thus, even if Webasto and Resolute are found jointly and severally liable, Oswalt may recover the full amount from Resolute.

Resolute's arguments based on Federal Rule of Civil Procedure 54(b) are equally unpersuasive. Rule 54(b) addresses the question of a judgment's finality for appeal, not enforcement of judgments. *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

In this case, there has already been an appeal from a final judgment, and the district court was merely enforcing the mandate, as it is obligated to do. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) ("[L]ower courts are obliged to execute the terms of a mandate . . . .").

Finally, Oswalt correctly argues that the plain language of the bond requires that Resolute pay if either the Court of Appeals affirms or dismisses the appeal. Courts should interpret supersedeas bonds as contracts. *Contractors Equip.*, 514 F.3d 899, 903 (9th Cir. 2008). The language of the bond is clear, and there is no need to look beyond it. Resolute is obligated under the bond-contract to pay Oswalt because we have already affirmed the trial verdict.

**AFFIRMED.**