FILED

**NOT FOR PUBLICATION**

SEP 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS OSWALT and FEDERAL INSURANCE CO., | No. 12-35380 |
| Plaintiffs-Appellees, | D.C. No. 2:08-cv-01600 MJP |
| v. | |
| RESOLUTE INDUSTRIES, INC., | MEMORANDUM[*] |
| Defendant-Third-Party Plaintiff-Appellant, | |
| v. | |
| WEBASTO PRODUCTS NA, INC., | |
| Third-Party Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted August 29, 2013
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: McKEOWN and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Resolute Industries, Inc. ("Resolute") appeals from an order imposing sanctions against Resolute and its counsel in favor of Curtis Oswalt and Federal Insurance Co. (collectively, "Oswalt"), as well as from the district court's findings of fact and conclusions of law dismissing Resolute's third-party claim against Webasto Products NA, Inc. ("Webasto"). This Court reviews a district court's imposition of sanctions for an abuse of discretion. See De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1076 (9th Cir. 2011). We review an admiralty court's findings of fact for clear error, and its conclusions of law de novo. See Newby v. F/V Kristen Gail, 937 F.2d 1439, 1441–42 (9th Cir. 1991). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

With respect to the appeal from the sanctions order, Oswalt challenges this Court's jurisdiction, arguing that Resolute's notice of appeal is untimely because it was filed more than 30 days after entry of the sanctions order. But an order imposing sanctions against a party and its counsel is not appealable until final judgment is entered. See Kordich v. Marine Clerks Ass'n, 715 F.2d 1392, 1393 (9th Cir. 1983) (per curiam). Here, final judgment did not enter until May 10,

---

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

2

2012, and Resolute filed its notice of appeal the next day. Moreover, while all claims as between Resolute and Oswalt had been adjudicated prior to the entry of the sanctions order, Federal Rule of Civil Procedure 54(b) makes plain that until all claims for and against all parties are resolved, final judgment may enter with respect to part of the case "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The district court made no such determination here. Resolute's notice of appeal was timely, and we accordingly have jurisdiction.[1]

On the merits, Resolute challenges both the imposition of sanctions and the amount awarded. As to the imposition of sanctions, Resolute and its counsel, by paying the judgment amount into the registry of the court rather than to the plaintiffs themselves, Resolute deliberately disobeyed the district court's express order of August 11, 2011 to pay the plaintiffs, as well as Federal Rule of Civil Procedure 67, which permits deposits with the court only "on notice to every other

---

[1] We recognize that a prior panel chose to exercise interlocutory jurisdiction in an earlier unpublished decision in this case. See Oswalt v. Resolute Indus., Inc., 500 F. App'x 605 (9th Cir. 2012). However, "the doctrine of 'law of the case' is inapplicable to the question of our jurisdiction to consider an appeal." United States v. Houser, 804 F.2d 565, 569 (9th Cir. 1986); see also Indian Oasis-Baboquivari Unified Sch. Dist. No. 40 of Pima Cnty., Ariz. v. Kirk, 91 F.3d 1240, 1243 (9th Cir. 1996) ("It is well settled . . . that the exercise of jurisdiction in a case is not precedent for the existence of jurisdiction.").

3

party and by leave of court." Fed. R. Civ. P. 67(a). Moreover, while the district court made no finding of bad faith, "it is clear that a 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012).

As to the amount of sanctions, however, we agree with Resolute that the district court improperly included in its award of $9,960 in attorneys' fees $6,270 in fees for work that Oswalt's counsel performed before any sanctionable conduct occurred. The only sanctionable conduct identified by the district court was the violation of its prior order of August 11, 2011, which occurred on August 17, 2011. The district court made no finding that any broader course of conduct by Resolute or its counsel was undertaken in bad faith or was otherwise sanctionable, and we decline to read such a finding into the sanctions order. Cf. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1106–07 (9th Cir. 2002). To the extent the sanctions order awarded fees for work performed by Oswalt's counsel before any sanctionable conduct took place, the district court abused its discretion. See Matter of Yagman, 796 F.2d 1165, 1184–85 opinion amended, 803 F.2d 1085 (9th Cir. 1986). The proper amount of the award was therefore $3,690.

4

With respect to the appeal from the district court's findings of fact and conclusions of law, Resolute first argues that the district court prejudged the case by ordering Resolute to pay the full amount of the judgment to plaintiffs before resolving Resolute's third-party claim against Webasto. But at the time of the district court's payment order, it had already issued a ruling, affirmed by this Court, finding that Resolute's independent tortious conduct was a legal cause of Oswalt's injury. See Oswalt v. Resolute Indus., Inc., 642 F.3d 856, 864-65 (9th Cir. 2011). Thus, regardless of how the district court ultimately resolved the third-party claim, Resolute was, at a minimum, a joint tortfeasor subject to joint and several liability with Webasto. See McDermott, Inc. v. AmClyde, 511 U.S. 202, 220–21 (1994). The payment order accordingly was not improper.

Resolute also argues that the district court's factual findings were clearly erroneous. But "[t]he clear error standard is highly deferential and is only met when the reviewing court is left with a definite and firm conviction that a mistake has been committed." United States v. Sivilla, 714 F.3d 1168, 1172 (9th Cir. 2013) (citation and internal quotation marks omitted). Here, although we might have "decided the case differently," each of the district court's factual findings was supported by evidence elicited on direct or cross-examination of Resolute's expert.

5

See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). We accordingly cannot conclude that the district court clearly erred.

Accordingly, we hereby affirm the district court's findings of fact and conclusions of law in full, affirm the district court's sanctions order in all respects except amount, and remand to the district court solely so that it may reduce the amount of the sanctions to $3,690. Oswalt is to pay its own costs on appeal, and Resolute is to pay its own costs and those of Webasto.

**AFFIRMED in part, REVERSED in part, and REMANDED.**